# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RICKEY WESLEY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | § § § § § § § § § § § | Civil Action No. 4:18-CV-00005 Judge Mazzant |
| v. | | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's First Stage Motion for Notice to Potential Plaintiffs (Dkt. #11). After reviewing the motion and the relevant pleadings, the Court finds that Plaintiff's motion is granted.

## BACKGROUND

Plaintiff Rickey Wesley ("Plaintiff or Wesley") was employed by Defendant Experian Information Solutions, Inc. ("Experian") as a U.S.-based Information Technology ("IT") employee. Plaintiff's responsibilities include troubleshooting and supporting Experian's global security operations. Experian classifies Plaintiff as hourly-paid and non-exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA").

Because Experian must monitor and maintain information technologies that protect sensitive and confidential information of their clients, there are times when its employees must answer calls for issues that arise outside of their regular work hours. Until October 2017, Experian maintained an On Call, Standby and Call-Back Time Policy (the "Policy") that applied to all US-based non-exempt employees (Dkt. #11, Exhibit C). The Policy required employees to perform work beyond their regularly scheduled shifts and assigned tasks while on either "standby" or "on

call." Compensation for overtime was different based on the designation. For "on call" work, employees were assured

> Any time that you actually provide assistance – over the telephone, by logging in to work remotely, or by reporting to work – is work time for which you will receive your regular rate of pay or overtime pay, as appropriate.

(Dkt. #11, Exhibit C at ¶ 3.1). For "standby" work, employees were assured

> If, because of critical business needs, you are required to be more immediately available to begin work than the on-call standards, these hours would be considered standby time and you will receive your regular or overtime rate of pay for all standby time.

(Dkt. #11, Exhibit C at ¶ 3.3). Accordingly, in contrast to being compensated for all "standby" time, these employees were not compensated for all hours spent "on call". Rather, they were only compensated for the time spend acknowledging and responding to a call.

Plaintiff moves for conditional certification as a collective action under the FLSA. Plaintiff alleges that the putative class consists of "Defendant's current and former [non-exempt] U.S.-based IT employees who were paid on an hourly basis, who worked from [3 years prior to date of Order] to the present, and who Experian subjected to the 'On Call, Standby, and Call-Back Time' Policy that was in effect until approximately October 2017." (Dkt. #11 at p. 5). The Court will refer to this defined group as "Class Employees". Plaintiff alleges that Defendant did not pay Class Employees overtime compensation for hours worked over forty per week in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

Plaintiff and four potential opt-in Plaintiffs state that they usually worked in excess of forty (40) hours per workweek and that Defendant did not pay them overtime for these excess hours. Plaintiff and opt-in Plaintiffs further allege that Class Employees were not compensated for all hours of work, specifically including those when they were on "standby" and those when they were merely "on call" but still subject to "standby" conditions. (Dkt. #11 at p. 9, Exhibits J, K,

2

L, M). Defendant classified Class Employees as non-exempt, hourly employees under the FLSA.

On January 3, 2018, Plaintiff filed a complaint as a collective action pursuant to 29 U.S.C. § 216(b) against Defendant (Dkt. #1). On April 17, 2018, Plaintiff's filed the present First Stage Motion for Notice to Potential Plaintiffs (Dkt. #11). On May 5, 2018, Defendant filed its response in opposition (Dkt. #16). On May 22, 2018, Plaintiff filed a reply in support (Dkt. #22). On May 29, 2018, Defendant filed a sur-reply (Dkt. #23).

## LEGAL STANDARD

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 13(a) (1) of FLSA exempts employees occupying "bona fide executive, administrative, or professional" positions from the overtime requirements of the FLSA. 29 U.S.C. § 213(a)(1). "The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." *Id*. The Code of Federal Regulations provides a "short test" to classify employees for the executive or administrative exemptions. An employee can be classified as an exempt executive if: (1) the employee is paid a salary of not less than $455 per week; (2) the employee's primary duty is the management of the enterprise or a subdivision; (3) the employee customarily and regularly directs the work of two or more employees; and (4) the employee has the authority to hire or fire other employees, or the authority to recommend such actions. 29 C.F.R. § 541.1(a). An employee can be classified as an exempt administrative employee if: (1) the employee is paid a salary of not less than $455 per week; (2) the employee's primary duty is the performance of office or nonmanual work directly related to the management or general business of the employer;

and (3) the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.2.

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under §216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts and is the standard most frequently used by this court." *Tice*, 826 F. Supp. 2d at 994 (citations omitted). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at

this stage, "the determination is made using a fairly lenient standard requiring noting more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

## ANALYSIS

This case is in the first stage under *Lusardi*. At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical, as "the court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[P]laintiff need only show that their positions are similar to the potential plaintiffs[.]" *Id.* at 995.

*Statute of Limitations*

The statute of limitations for an FLSA claim is two years, unless the violation was willful, in which case the limitations period is three years. 29 U.S.C. § 255(a). Under the FLSA, a violation is "willful" if the employer either "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821

(5th Cir. 2003). If a Plaintiff alleges a willful violation of the FLSA, courts routinely grant conditional certification and "send notice to the putative class using a three-year statute of limitations." *Page v. Crescent Directional Drilling*, L.P., No. 5:15-CV-193-RP, 2015 WL 12660425, at *3 (W.D. Tex. Dec. 10, 2015) (citing *McPherson v. LEAM Drilling Sys.*, LLC, 4:14-CV-02361, 2015 WL 1470554, at *15 (S.D. Tex. Mar. 30, 2015); *Rousseau v. Frederick's Bistro*, LTD, 5: 09-CV-651-XR, 2010 WL 1425599, at *3 (W.D. Tex. Apr. 7, 2010)). "Whether Defendant acted willfully is a question of fact, and the Court will not make a determination on that question before discovery has been completed." *Id.*

The Court finds that notice should be provided within the longer three-year statute of limitations. Plaintiff alleged that Defendant willfully violated the FLSA. (Dkt. #1 at ¶ 16). Discovery has not occurred in this case. The Court will not determine the factual question of whether Defendant acted willfully before discovery is completed. "The consequences of sending notice to too few potential plaintiffs are high, as the FLSA's statute of limitations continues to run on each individual's claim until they file their written consent to join the collective action with the court . . . By contrast, the consequences of sending notice to too many potential plaintiffs can be remedied – a class may be decertified." *Page*, 2015 WL 12660425, at *3.

*Policy Requiring Off-the-Clock Overtime*

Plaintiff argues Defendant had a policy of requiring Class Employees to work in excess of forty hours per week and did not pay Class Employees for all hours worked. Four potential opt-in Plaintiffs, Freddie Jenkins, Joseph O'Connor, Nrique Smith, and Jose Ulloa, have consented to join this suit and have submitted declarations in support of Plaintiff's claims (Dkt. #11, Exhibits J, K, L, M). Plaintiff and the potential opt-in Plaintiffs state that Defendant had a policy of requiring Class Employees to perform "standby," "on call," and additional work for which they

were not paid. Further, they assert that Class Employees were not compensated for all hours of work, specifically including those when they were on 'standby' and those when they were merely "on call" but still subject to "standby" conditions (Dkt. #11 at p. 9; Dkt. #11, Exhibits J, K, L, M).

Plaintiff has satisfied the lenient *Lusardi* standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan. Plaintiff and opt-in Plaintiffs here sufficiently alleged that they were victims of a similar plan under which they did not receive overtime compensation because Defendant had a policy of requiring Class Employees to perform "standby," "on call," and additional work for which they were not paid. *See Tice*, 826 F. Supp. 2d at 996 (granting conditional certification where all Plaintiffs claimed that they were required to work overtime without appropriate compensation); *Foraker v. Highpoint Sw., Servs., L.P.*, No. CIV.A. H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) (granting conditional certification because "Plaintiffs' claim [was] fundamentally that they routinely worked in excess of forty hours per week, that they did not receive any overtime pay, and that [Defendant's] practice or policy of failing to pay overtime affected the proposed class members in exactly the same way.").

Defendants contend that collective treatment is not appropriate because "all of the hourly paid workers have vastly different job duties, schedules, and the policy at issue was applied differently to all different positions subject to collective action" (Dkt. #16 at p. 1) (internal quotations omitted). However, this case is in the first stage under *Lusardi*. Plaintiff's burden at this stage is to present "preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. Again, "[t]he court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under §216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. "[P]laintiff need only show that their positions are

7

similar to the potential plaintiffs" and "the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 995–996.

Here, Plaintiff has submitted sufficient evidence that each of the Class Employees' primary duties involved information technology support, which includes answering calls pursuant to the Policy. Plaintiff's positions do not need to be identical for the Court to conditionally certify the class. "[A] particular need to address each perspective member of the collective action as an individual will be addressed in the second stage." *Miranda v. Mahard Egg Farm, Inc.*, No. 4:15-CV-406, 2016 WL 1704861, at *3 (E.D. Tex. Apr. 28, 2016); *Stier v. Great Plains Nat'l Bank*, No. 4:15-CV-519, 2016 WL 1572194, at *2 (E.D. Tex. Apr. 19, 2016). Thus, Plaintiff has met the lenient standard of establishing "some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice]." *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006).

## CONCLUSION

The Court finds that Plaintiff has come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members. It is therefore **ORDERED** that Plaintiff's First Stage Motion for Notice to Potential Plaintiffs (Dkt. #11) is hereby **GRANTED**.

It is further **ORDERED, ADJUDGED AND DECREED** that the Court conditionally certifies a class of Defendant's current and former employees that is described as follows and referred to herein as the "Workers":

> All current and former persons who were employed by Experian Information Solutions, Inc. as "non-exempt, U.S.-based IT employees who were paid on an hourly basis, who were subjected to the "On Call, Standby, and Call-Back Time" Policy that was in effect until approximately October 2017, at any time during the three-year period preceding the date of this Order.

It is further **ORDERED, ADJUDGED AND DECREED** that the Notice and Consent to Join Form presented to the Court as Exhibit A and Exhibit B to Docket #11 is conditionally approved, subject to Plaintiff's insertion of the appropriate dates.

Defendant is ordered to produce the names, last known addresses, and email addresses ("Worker Information") of current and former Workers. Defendant shall provide the Worker Information in an electronic format within ten (10) days of the entry of this Order. Plaintiff's Counsel shall send the Notice and Consent Form to the Workers within seven (7) days after Defendant provides the Worker Information to Plaintiff's counsel. The Court authorizes Plaintiff to immediately issue the Notice and Consent Form to those individuals whose names are being provided as required by this Order. Plaintiff shall issue the Notice and Consent forms by U.S. mail and email. Plaintiff may provide a self-addressed, postage paid return envelope. Plaintiff shall bear the cost of issuing the Notice and Consent forms and any reminder notice.

The Workers shall be provided ninety (90) days after the date the Notice and Consent forms are mailed (the "Opt-In Period") to file a Consent to Join form opting-in to this litigation, unless the Parties agree to permit late filings. Any re-mailing of the original notice and any reminder notices shall not extend this deadline. Plaintiff shall inform opposing counsel as to the date on which the Notice forms were sent to the Workers. Plaintiff's counsel may send a reminder notice thirty (30) days before the expiration of the Opt-In Period, provided the parties agree upon the text of the reminder.

Plaintiff's counsel shall file the signed consent forms with the Court within ten (10) days of the close of the Opt-In Period. All consent forms postmarked or fax-stamped on or before the end of the Opt-In Period will be considered timely.

Within thirty (30) days after the close of the Opt-In period, the Parties are directed to confer

pursuant to Rule 16(b) to present the Court with a proposed Joint Scheduling Order setting forth proposed dates and covering the items set forth in the Court's previous Order Governing Proceedings. The proposed Joint Scheduling Order should set forth the Parties' agreements concerning how discovery will proceed and how the case will proceed at trial. If the Parties cannot agree on elements of the Proposed Scheduling Order, they may present their views in the submission for Court determination. The Parties must file the Joint Scheduling Report and Case Management Plan within fourteen (14) days of the deadline for the Parties to confer.

**SIGNED this 25th day of June, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE