# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RICKEY WESLEY, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff*, | § § § | Civil Action No.  4:18-CV-00005 |
| v. | § § | Judge Mazzant |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Reconsideration of Order Denying Defendant's Bill of Costs (Dkt. #76).  Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED**.

## BACKGROUND

Plaintiff Rickey Wesley was employed by Defendant Experian Information Solutions, Inc. as a U.S.-based Information Technology ("IT") employee. Plaintiff's responsibilities include troubleshooting and supporting Defendant's global security operations.  Defendant classifies Plaintiff as hourly-paid and non-exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA").

Because Defendant must monitor and maintain information technologies that protect sensitive and confidential information of their clients, there are times when its employees must answer calls for issues that arise outside of their regular work hours.  Until October 2017, Defendant maintained an On Call, Standby and Call-Back Time Policy (the "Policy") that applied

to all US-based non-exempt employees (Dkt. #11, Exhibit C).  The Policy required employees to perform work beyond their regularly scheduled shifts and assigned tasks while on either "standby" or "on call."  Compensation for overtime was different based on the designation.  For "on call" work, employees were assured:

> Any time that you actually provide assistance—over the telephone, by logging in to work remotely, or by reporting to work—is work time for which you will receive your regular rate of pay or overtime pay, as appropriate.

(Dkt. #11, Exhibit C ¶ 3.1).  For "standby" work, employees were assured:

> If, because of critical business needs, you are required to be more immediately available to begin work than the on-call standards, these hours would be considered standby time and you will receive your regular or overtime rate of pay for all standby time.

(Dkt. #11, Exhibit C ¶ 3.3).  Accordingly, in contrast to receiving compensation for all "standby" time, these employees were not compensated for all hours spent "on call."  Rather, they were only compensated for the time spend acknowledging and responding to a call.

On February 26, 2021, the Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's action with prejudice (*see* Dkt. #64; *see also* Dkt. #65). On March 22, 2021, Defendant filed a Bill of Costs (Dkt. #69). On April 5, 2021, Plaintiff filed objections to Defendant's Bill of Costs (Dkt. #73). On June 8, 2021, the Court denied Defendant's request for costs, reasoning that Defendant did not conform with the local rules in seeking such costs (Dkt. #75). On July 20, 2021, Defendant filed the present motion, seeking reconsideration of the Court's order denying costs (Dkt. #76). On August 3, 2021, Plaintiff filed a response (Dkt. #77).

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b), depending on the circumstances.  "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties

to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

A motion seeking reconsideration of "a 'final' judgment or order" and filed more than 28 days of the judgment or order is considered under Rule 60(b). *Zimzores*, 778 F.2d at 266; *see Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Here, Defendant filed its motion forty-three days after the Court issued its opinion. Thus, the Court will consider the motion under Rule 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding based on the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

## ANALYSIS

Defendant asks the Court to reconsider the Court's order denying costs (the "Order"). In support, Defendant concedes Counsel's neglect, but asserts the neglect is excusable. Specifically, Defendant argues: (1) "[g]ranting [its] Motion for Reconsideration would not prejudice Plaintiffs whatsoever"; (2) "Counsel's failure to follow Local Rule CV-54 did not meaningfully impact the proceedings"; (3) "Counsel's error was due solely to ignorance of Local Rule CV-54, which has certainly been remedied"; and (4) Defendant "acted in good faith in filing its Bill of Costs" (Dkt. #76 at pp. 3–4).

Plaintiff simply responds that Fifth Circuit precedent precludes the Court from reconsidering the Order under Federal Rule of Civil Procedure 60(b).

### I.    Federal Rule of Civil Procedure 60(b)

As an initial matter, no dispute appears to exist that any reconsideration by the Court would invoke Federal Rule of Civil Procedure 60(b). Because Defendant filed its motion more than twenty-eight days, but less than one year, after entry of the Order, the Court is satisfied that Rule 60(b) does, in fact, apply to Defendant's motion for reconsideration. *See* FED. R. CIV. P. 60(b).[1]

### II.    Reconsideration of the Order Denying Costs

Defendant contends that Counsel's error in not following the Court's local rules amounts to excusable neglect. As noted above, Rule 60(b)(1) authorizes a court to reconsider and alter an

---

[1] Had Experian filed its motion within twenty-eight days from entry of the Order, the Court would likely look to Rule 59(e). *See* FED. R. CIV. P. 54(b) (providing that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

order based upon a party's excusable neglect. *See* FED. R. CIV. P. 60(b)(1). However, the Fifth Circuit has expressly noted that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief" because such "relief will only be afforded in 'unique circumstances.'" *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)). Of particular relevance to the present case, "[d]enial of a Rule 60(b) motion" is appropriate "when the proffered justification for relief is the 'inadvertent mistake' of counsel." *Id.* at 356–57 (quoting *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987)). While neglect may be excused upon a proper showing, "mistakes or negligence of counsel are insufficient for Rule 60 relief." *Doe v. Bridge City Indep. Sch. Dist.*, No. 1:20-CV-113, 2020 WL 5492993, at \*2 (citing *Associated Marine Equip. LLC v. Jones*, 301 F. App'x 346, 349 (5th Cir. 2008)).

In accordance with the foregoing, the Court finds Defendant's proffered reason of Counsel error insufficient to warrant reconsideration of the Order. The Court therefore need not delve into the factors of excusable neglect offered by Defendant.

## CONCLUSION

It is therefore **ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion for Reconsideration of Order Denying Defendant's Bill of Costs (Dkt. #76) is hereby **DENIED**.

**SIGNED this 14th day of December, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE